RAND, Appellant, v. HASTINGS et al., Respondents.

No. 713; July 16, 1866.

RAND v. LEE et al.

No. 714.

**Mortgage.—An Instrument Signed by a Creditor** and delivered to the debtor cannot be deemed a mortgage.

**Vendor and Vendee—Mutuality of Contract.—**Where one party has promised to convey land to another upon payment of the price, together with taxes, interest, etc., but there is nothing to show that this other has, on his part, promised to pay accordingly, there is no mutuality apparent in the transaction and no right of action accrues to this last party as for the enforcement of a contract.

**Mortgage—Abandonment by Mortgagor.—**A Mortgage cannot be Satisfied or extinguished by an abandonment on the part of the mortgagor.

**Payment.—Payment in Gold Coin is not Obligatory** unless made so by the terms of the contract calling for money to be paid.

**Improvements Put on Land by One Having Notice of Equities** in the land enjoyed by another are, unless made at this other's request, voluntary and gratuitous.

APPEALS from Seventh Judicial District, Solano County.

Patterson & Stow for appellant; S. F. and J. Reynolds and W. S. Wells for respondents.

RHODES, J.—These are cross-appeals in the same case. Hastings, being the owner of block No. 300 in the town of Vallejo, bargained and sold the same to one William Likens, and agreed to convey the same to him, on his paying the purchase money. On the 4th of March, 1859, Likens, by an agreement in writing, undertook to convey to the plaintiff lots Nos. 7 and 8, in said block, upon his paying to Likens sixteen hundred dollars, and interest at two per cent per month within twelve months from date, which amount the plaintiff agreed to pay. The plaintiff immediately took possession of the lots and proceeded to erect thereon a hotel. On the 9th of April, 1860, Likens conveyed those lots to Hastings, the purchase money payable by the plaintiff to Likens

being then unpaid; and on the 13th of June following, the plaintiff being indebted for the amount of the said purchase money, and being also indebted to divers persons in sums which with the said purchase money, and a small sum then advanced by Hastings, amounted to six thousand dollars— Hastings executed to the plaintiff the instrument which is designated by the parties as "Exhibit A." The matter of the greatest importance in the case is to determine the character of this instrument—the plaintiff contending that it is a mortgage by the plaintiff to Hastings, and the defendant insisting that, at the best, it is only a contract of sale by Hastings to the plaintiff.

It is a conclusive answer to the position that it is the mortgage of the plaintiff to say that the plaintiff did not execute the instrument, nor did he at the time of the making of the instrument or at any other time convey or transfer by way of mortgage or otherwise any right, title or interest in the premises to Hastings. If this instrument is the mortgage of the plaintiff, it is the only instance to be found in the annals of the courts in which the alleged mortgage was executed by the mortgagee alone and delivered by him to the mortgagor.

The case having been disposed of upon the erroneous theory that "Exhibit A" was a mortgage, we shall not enter into an extended discussion of the points presented on appeal. The record is not in such a condition that we can determine whether the contract contained in "Exhibit A" can be enforced against Hastings or the other defendants. It appears on its face to be a contract, on the part of Hastings, to convey the premises to the plaintiff upon his making payment at a certain time of six thousand dollars, and the taxes, insurance, etc., with interest on the amount at a specified rate; but because of the absence from the case of facts necessary to show a contract on the part of the plaintiff to purchase the premises from Hastings and pay him the purchase money, we cannot say whether there was or was not such mutuality in the undertaking of each party as is essential to enable him to enforce the performance against the other.

If it shall be found that the contract has been so made that it can be enforced, a point made by the defendants becomes material. The evidence set out in their bill of exceptions tends strongly to show that the plaintiff abandoned all claim to the

property, and relinquished whatever right he may have had to a conveyance upon paying the purchase money before Hastings sold the premises to defendant Lee.   The issue of abandonment was tendered by the defendants, but upon holding "Exhibit A" to be a mortgage, that issue became immaterial, and no finding thereon was necessary, for a mortgage cannot be satisfied or extinguished by an abandonment on the part of the mortgagor.

Assuming that the contract was entered into by both parties, and that it was on foot at the time of the commencement of the action, capable of being enforced against the party in default, it is proper to say that the court erred in ordering payment of the amounts found due upon the accounting to be made in gold coin, for there was no contract in writing to make payment in that kind of money.   Under the same assumption, it was proper that the plaintiff should be charged with the expenses of repairs, and the amounts paid for taxes and insurance; but he would not be chargeable with the expenses incurred for improvements made on the property after it was purchased by Lee, for if Lee purchased with notice of the plaintiff's equity, improvements thereafter made, unless at the request of the plaintiff, were voluntary and gratuitous so far as the plaintiff was concerned.   We do not undertake to specify the items and classify them among repairs or improvements—that duty is for the court below.

For the same reasons that it was erroneous to order judgment in gold coin, it is improper for the court to ascertain the value of the rents and charge the defendants with the same, in any specific kind of money.

Judgment reversed and the cause remanded.

We concur: Sanderson, J.; Sawyer, J.; Shafter, J.